```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )    CR. NO. 13-00653-SOM-6
                               )
          Plaintiff,           )
                               )    ORDER DENYING DEFENDANT JACOB
                               )    DEL MUNDO FAAGAI'S MOTION FOR
                               )    COMPASSIONATE RELEASE
     vs.                       )
                               )
JACOB DEL MUNDO FAAGAI,        )
     a/k/a "Jake"              )
                               )
          Defendant.           )
                               )
_____
```

**ORDER DENYING DEFENDANT JACOB DEL MUNDO FAAGAI'S
MOTION FOR COMPASSIONATE RELEASE**

I.      INTRODUCTION.

In 2015, following a guilty plea, Defendant Jacob Del Mundo Faagai was sentenced to 188 months in prison, five years of supervised release, and a $100 special assessment.  *See* ECF Nos. 461, 462.  Assuming he earns good time credit, Del Mundo Faagai, who is 40 years old, has a projected release date of March 11, 2027.  *See* https://www.bop.gov/inmateloc/ (input Register Number 00708-122) (last visited September 14, 2022).  Del Mundo Faagai has been in custody since his arrest on June 25, 2013, meaning that he has served over 9 years of his more than 15-year sentence.  *See* ECF No. 429, PageID # 1923.

Del Mundo Faagai is incarcerated at FCI Mendota in California.  *See* https://www.bop.gov/inmateloc/ (input Register Number 00708-122) (last visited September 14, 2022).  FCI Mendota

currently houses 1,506 people, with 1,406 at the FCI and 100 in an adjacent camp.  *See* https://www.bop.gov/locations/institutions/men/ (last visited September 14, 2022).  As of September 14, 2022, there is no question that COVID-19 is present in FCI Mendota; the facility currently has 15 active COVID-19 cases among employees and 1 in its incarcerated population.  *See* https://www.bop.gov/coronavirus/ (last visited September 14, 2022).  Previously, FCI Mendota had an even larger COVID-19 problem; 130 prison employees have recovered from COVID-19, as have 97 people housed there.  *See id*.  Two people incarcerated at FCI Mendota have died.  *Id.*  Since vaccines became available, FCI Mendota has fully vaccinated 1327 people incarcerated in its facilities and 217 staff members.[1]  *Id.*

       Del Mundo Faagai has previously contracted COVID-19.  *See* ECF No. 787, PageID # 6046.  He has also declined to receive the COVID-19 vaccine.  *See* ECF 809, PageID # 6220 (citing to ECF 815, PageID # 6392).

       Del Mundo Faagai's compassionate release motion, filed pro se, argues that his medical conditions and the ongoing threat of  COVID-19 warrant his early release.  *See* ECF No. 787, PageID # 6045–6048.

---

[1] This figure appears to include people who have been transferred out of or released from FCI Mendota, as well as those still there.

After considering Del Mundo Faagai's medical conditions, the time remaining on his sentence, and his history, this court concludes that he has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence or that the 18 U.S.C. § 3553(a) factors support such a reduction. Accordingly, his motion for compassionate release is denied.

**II.     ANALYSIS.**

Del Mundo Faagai's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the defendant exhausted his administrative remedies or that 30 days have passed

since he filed a compassionate relief request with the warden at his facility.  If a defendant has satisfied the exhaustion requirement, then the court must examine three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented that the requested reduction in sentence is warranted.  *See United States v. Chen*, No. 20-50333, slip op. (9th Cir. Sept. 14, 2022), https://cdn.ca9.uscourts.gov/datastore/opinions/2022/09/14/20-50333.pdf*; see also United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *United States v. Wright*, 42 F.4th 1063, 1071 (9th Cir. 2022), *amended and superseded (but maintained in relevant part) by United States v. Wright*, No. 20-50361, 2022 WL 3712809, at *4 (9th Cir. Aug. 29, 2022).

### A. Del Mundo Faagai Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).[2]

On December 20, 2021, Del Mundo Faagai asked the warden of his prison for early release under 18 U.S.C. § 3582 or for a transfer to home confinement under 18 U.S.C. § 3624, noting that his medical conditions put him at especially high risk of contracting COVID-19 and suffering severe symptoms. *See* ECF No. 787, PageID # 6060-61.[3]

Because more than 30 days have passed since that request, Del Mundo Faagai has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A) with respect to his

---

[2] The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked[,]" rather than a rule that deprives this court of subject matter jurisdiction. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[3] In addition to the references to compassionate release, Del Mundo Faagai's motion and original request to the warden also refer to the CARES Act. *See* ECF No. 787, Page ID # 6056-57,6060-61. The CARES Act gives prison officials the authority to transfer individuals to home confinement, but does not give incarcerated individuals a basis for petitioning the court for such transfers. *See* Coronavirus Aid, Relief, and Economic Security Act,  Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).  As a result, the Court construes Del Mundo Faagai's motion as a request for compassionate release arising under 18 U.S.C. § 3582(c)(1)(A) and based on his medical conditions, rather than as a CARES Act request.  However, the court treats Del Mundo Faagai's reference to the CARES Act as indicating that he exhausted his prison remedy by alerting the warden to his medical concerns.

request for compassionate release based on his medical conditions.[4]  *Id.*

> **B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In addressing other defendants' compassionate release motions, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

The court is well aware of the absence of an amended policy statement from the Sentencing Commission and its effect on the courts' discretion, particularly in the wake of Congress's decision to allow people to file compassionate release motions on their own behalf.  *See e.g.*, *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note

---

[4] The Government does not dispute that Del Mundo Faagai has satisfied the exhaustion requirement.  ECF No. 809, PageID # 6213.

to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *See Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (choosing not to decide whether the Application Note is "applicable" to defendant-filed motions for compassionate release, but recognizing that some courts have held that it is not applicable).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See id*.

> **C.    Del Mundo Faagai Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release at This Time, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Del Mundo Faagai bears the burden of establishing an extraordinary and compelling reason warranting compassionate release.  *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021).  He has failed to meet this burden.

With respect to his medical condition, Del Mundo Faagai has understandable concerns, but they do not justify early release.  Del Mundo Faagai states that he has pneumonia, depression, and symptoms indicative of hypoglycemia and chronic kidney disease.  ECF No. 787, PageID # 6045–46.  The latter of these is understood to worsen the symptoms of COVID-19.[5]  Del Mundo Faagai argues that these conditions put him at risk of "suffering serious health complications, or worse."  *Id*. at PageID # 6041.  These medical conditions, though concerning, are not an exceptional and compelling reason for granting an early release.  Several factors mitigate the risks that Del Mundo Faagai faces.

First, Del Mundo Faagai is only 40 years old, meaning that his age does not place him in the highest risk category.

Second, Del Mundo Faagai has already contracted COVID-

---

[5]    https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 15, 2022).

19.  *See* ECF No. 787, PageID # 6046.  As a result, Del Mundo Faagai may now have "some protection from repeat infections." *Reinfections and COVID-19*, CTR. FOR DISEASE CONTROL & PREVENTION (Updated Sept. 9, 2022), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

Third, as of the morning of September 14, 2022, FCI Mendota has administered 1,327 full courses of the COVID-19 vaccine to its incarcerated population, thereby reducing the risk of community spread.  *See* https://www.bop.gov/coronavirus/ (last visited September 14, 2022).  FCI Mendota had a significant COVID-19 problem at one time, as is demonstrated by the data showing that 130 staff members have recovered from COVID-19, as have 97 people incarcerated in the facility.  *See* https://www.bop.gov/coronavirus/ (last visited September 14, 2022).  Two people housed at FCI Mendota died of COVID-19.  *Id*.

At this point, FCI Mendota's COVID-19 problem, while certainly not eliminated, has been significantly reduced.  The low number of cases among the population housed at FCI Mendota (currently just a single active case) suggests that Del Mundo Faagai is not at great risk of exposure.  *Id*.

Fourth, although Del Mundo Faagai has had the opportunity to get vaccinated against COVID-19 since at least February of this year, he has declined to do so.  *See* ECF No.

809, PageID # 6220.  Del Mundo Faagai certainly has the right to decline vaccination, but his decision to remain unvaccinated cuts against his argument that extraordinary action is needed to protect him from contracting the disease.

Fifth, Del Mundo Faagai appears to be receiving adequate care in response to the medical conditions mentioned in his motion.  The record indicates that he has had ample medical visits to address his pneumonia, depression, and the conditions that may be indicative of chronic kidney disease and hypoglycemia.  ECF No. 815, PageID # 6281, 6283, 6288-6289, 6294-6298, 6317, 6347, 6348, 6367, 6370.

This court concludes that Del Mundo Faagai's medical conditions and asserted risks do not constitute an extraordinary and compelling reason justifying compassionate release at this time.

### C.   Section 3553(a) Factors Do Not Support Compassionate Release.

In evaluating whether early release is justified, this court must also consider the factors set forth in § 3553(a).  Three considerations are particularly relevant.  The first is the amount of time Del Mundo Faagai has served.  Del Mundo Faagai has served approximately 110 months of his sentence, with a projected release date of March 11, 2027.  He has served a significant portion of his sentence, but he is not on the eve of release.

Additionally, Del Mundo Faagai has a history of violent

conduct that gives this court concern about whether he may pose a danger to the community if released at this time.  Beyond the present convictions, which arose out of Del Mundo Faagai's involvement with methamphetamine distribution organizations, *see* ECF No. 429, PageID # 1929-31, Del Mundo Faagai's adult criminal history includes three convictions for assault, including one against a law enforcement officer.  *Id.* at PageID # 1943-46.  Victims in two of the assaults needed ongoing medical treatment to address serious or substantial bodily injury.  *Id*. at PageID # 1944-45.  In the third assault, Del Mundo Faagai approached a law enforcement officer who had just presented his badge.  Del Mundo Faagai announced, "I don't give a fuck," before punching the officer in the face and chest.  *Id*. At PageID # 1945.

        While in prison, Del Mundo Faagai has been disciplined on seven different occasions.  Those occasions involved an assault resulting in serious injury, possession of unauthorized items, refusal to take a drug/alcohol test, phone abuse, possession of drugs/alcohol, and use of martial arts/boxing.  ECF No. 809, PageID # 6227-29.  These incidents—particularly those involving assault and drug/alcohol possession—increase this court's concern that Del Mundo Faagai may pose a danger to the community if granted an early release at this time.

**III.    CONCLUSION.**

        Under § 3582(c)(1)(A), only extraordinary and

compelling reasons justify a reduction of a prison sentence. Having considered the amount of time remaining on Del Mundo Faagai's sentence, his history, and the totality of the medical concerns he has raised, this court determines that it does not have before it an extraordinary and compelling reason warranting a reduction in Del Mundo Faagai's sentence at this time.  Nor does Del Mundo Faagai demonstrate that the § 3553(a) factors support his early release.  Del Mundo Faagai's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, September 20, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Del Mundo Faagai*, CR. NO. 13-00653-SOM-06, ORDER DENYING DEFENDANT JACOB DEL MUNDO FAAGAI'S MOTION FOR COMPASSIONATE RELEASE